In the Matter of the Petition of **D.L.M., Petitioner-Appellant,**

**and concerning,**

**M.J.W., Respondent-Appellee.**

**For the Adoption of a Child.**

No. 84CA1306.

Colorado Court of Appeals,
Div. I.

June 6, 1985.

Hawthorne & Meconi, P.C., Rocco F. Meconi, Canon City, for petitioner-appellant.

Pikes Peak Legal Services, Karen Erickson, Colorado Springs, for respondent-appellee.

ENOCH, Chief Judge.

Petitioner, D.L.M., (stepfather) appeals from the trial court's dismissal of his petition for the adoption of his stepson, M.J.W., Jr. (child). We affirm.

On March 2, 1979, when the child's parents were divorced, mother was awarded custody of the child, and M.J.W. (father) was ordered to pay $100 per month as child support. Mother subsequently married stepfather.

On July 4, 1979, father was arrested and charged with first degree murder of a child. He was found not guilty by reason of insanity, and has been incarcerated since the time of his arrest. He is presently confined to a state hospital.

In 1983, stepfather, with the consent of the child's mother, filed a petition for stepparent adoption under § 19–4–107(1)(e)(II), C.R.S. (1978 Repl.Vol. 8). He contended that father had abandoned the child and had failed without cause to provide reasonable support for a period of one year or more. Father objected to the adoption and raised the defense of having been adjudicated legally insane. After receiving offers of proof from both parties, the court entered an order dismissing stepfather's petition.

Stepfather contends that he should have been allowed to present evidence proving father had abandoned and failed to support the child and that the court erred in holding that father's previous adjudication of insan-ity precluded the court from determining that father had the culpable mental state required to abandon or fail to support the child. Although we disagree with the trial court's ruling as to the effect of the previous insanity adjudication, we conclude that, on the record presented, the trial court's dismissal of the petition was correct.

A verdict of not guilty by reason of insanity represents a judicial determination that one is not legally responsible for a past criminal act because of mental deficiencies which existed at the time the act was committed. *People v. Giles*, 662 P.2d 1073 (Colo.1983). A defendant adjudicated criminally insane has demonstrated by his conduct a likely illness and corresponding danger to the safety of others, a danger recognized in standards for release which are more strict for the criminally committed than for the civilly committed. *People v. Chavez*, 629 P.2d 1040 (Colo.1981), *Compare* §§ 16–8–115 and 16–8–120, C.R.S. (1978 Repl.Vol. 8), *with* §§ 27–10–111 and 27–10–110, C.R.S. (1982 Repl.Vol. 11).

An insanity adjudication results in a presumptive continuation of the state of mental incapacity, rebutting the presumption of sanity until it has been demonstrated that sanity has been restored. *People v. Giles, supra; People v. Chavez, supra.* This presumption, however, does not raise the prior adjudication to the status of *res judicata* on the issue of defendant's ability to form the *mens rea* required in a subsequent criminal matter. *People v. Giles, supra.*

Though this rule, as stated, concerns the mental capability of a person to form an intent to commit a later criminal act, the mental capability of a person would be the same at any given time, regardless of the activity the person is engaged in. If there is a presumption that one is incapable of forming the intent to deprive a victim of his life or property, it follows that the actor would likewise be presumed to lack the mental capability to have failed, without cause, to support, or to be incapable of forming the intent to abandon his child.

We therefore hold that the presumption stated in *Giles, supra*, for subsequent criminal activity is equally applicable in determining whether a person adjudicated criminally insane may subsequently be shown to have failed, without cause, to support or to have the intent to abandon his children in a termination of parental rights proceeding.

 Here, father has placed in issue his mental capacity. A parent's abandonment of a child is a question of intent, *Moreau v. Buchholz*, 124 Colo. 302, 236 P.2d 540 (1951), and lack of mental capacity may be cause for the failure to provide support. However, it is possible to show that a parent previously found not guilty of a crime by reason of insanity had the mental capacity and failed, without cause, to support, or had the mental capacity and did form the intent to abandon his child, as required for the termination of parental rights under § 19–4–107(1)(e)(II), C.R.S. Thus, the trial court erred in holding that father's previous adjudicated insanity precluded it from determining that father had the mental state to terminate his rights.

 However, stepfather's offer of proof failed to include any evidence to demonstrate that father had the mental capacity, concerning the issue of abandonment or support for the requisite period. Thus, stepfather's offer of proof was insufficient to prove that he would be entitled to the relief requested, and accordingly, the court's dismissal of the petition was correct.

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.